FILED
CLERK, U.S. DISTRICT COURT

5/17/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LEO VINCELETTE OLADIMU,<br>　aka "Leonard James Felton,"<br>　aka "Leo Felton,"<br><br>　　　　Defendant. | CR No. 5:24-CR-00130-SSS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 922(g)(1), 924(e)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 922(k): Possession of a Firearm with an Obliterated Serial Number; 18 U.S.C. § 924 and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(g)(1), 924(e)(1)]

　　On or about April 28, 2024, in San Bernardino County, within the Central District of California, defendant LEO VINCELETTE OLADIMU, also known as ("aka") "Leonard James Felton," aka "Leo Felton," ("OLADIMU") knowingly possessed a firearm, namely, a Mossberg 590 Shockwave, 12-gauge firearm, bearing an unverifiable serial number, and ammunition, namely, four rounds of Saga 12-gauge buckshot ammunition, in and affecting interstate and foreign commerce.

Defendant OLADIMU possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. First Degree Assault, in violation of New York Penal Law Section 120.10(1), in the Supreme Court of the State of New York, New York County, Case Number 00692-91, on or about July 17, 1991;

2. Second Degree Assault, in violation of New York Penal Law Section 120.05(7), in the Supreme Court of the State of New York, Greene County, Case Number C-93-055B, on or about July 26, 1994;

3. Aggravated Assault, in violation of New Jersey Stat. Ann. Section 2C:12-1b(1), in the Supreme Court of the State of New Jersey, Middlesex County, Case Number 93-001560, on or about April 18, 1994;

4. Second Degree Burglary, in violation of New Jersey Stat. Ann. Section 2C:18-1, in the Supreme Court of the State of New Jersey, Middlesex County, Case Number 312924, on or about June 6, 1994;

5. Conspiracy to Make and Possess an Unregistered Destructive Device, in violation of Title 18, United States Code, Section 371, in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

6. Receipt of Explosives with Intent to Kill or Injure Persons or Damage Property, in violation of Title 18, United States Code, Section 844(d), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

7. Being a Felon in Possession of a Firearm, namely an Iberia Model 40 Smith & Wesson Semi-Automatic Pistol, Bearing Serial Number

130358, in violation of Title 18, United States Code, Section 922(g)(1), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

8. Being a Felon in Possession of a Firearm, namely a Smith & Wesson Model 642, .38 caliber Revolver, Bearing Serial Number CAT 6034, in violation of Title 18, United States Code, Section 922(g)(1), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

9. Conspiracy to Make and Pass Counterfeit Federal Reserve Notes, in violation of Title 18, United States Code, Section 371, in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

10. Making Counterfeit Federal Reserve Notes, in violation of Title 18, United States Code, Section 471, in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

11. Conspiracy to Obstruct Justice, in violation of Title 18, United States Code, Section 371, in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

12. Obstruction of Justice, in violation of Title 18, United States Code, Section 1512(b)(2)(B), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002;

13. Conspiracy to Commit Bank Robbery and/or to Interfere with Commerce by Robbery, in violation of Title 18, United States Code,

Section 371, in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002; and

14. Bank Robbery, in violation of Title 18, United States Code, Section 2113(a), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT, on or about July 26, 2002.

Such possession occurred after defendant OLADIMU had been convicted of at least three of the following violent felonies, as defined in Title 18, United States Code, Section 924(e)(2)(B), all of which were committed on occasions different from one another:

1. First Degree Assault, in violation of New York Penal Law Section 120.10(1), in the Supreme Court of the State of New York, New York County, Case Number 00692-91;

2. Second Degree Assault, in violation of New York Penal Law Section 120.05(7), in the Supreme Court of the State of New York, Greene County, Case Number C-93-055B;

3. Bank Robbery, in violation of Title 18, United States Code, Section 2113(a), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT; and

4. Receipt of Explosives with Intent to Kill or Injure Persons or Damage Property, in violation of Title 18, United States Code, Section 844(d), in United States District Court, District of Massachusetts, Case Number 1:01-CR-10198-IT.

COUNT TWO

[18 U.S.C. § 922(k)]

On or about April 28, 2024, in San Bernardino County, within the Central District of California, defendant LEO VINCELETTE OLADIMU, also known as ("aka") "Leonard James Felton," aka "Leo Felton," ("OLADIMU") knowingly possessed a firearm, namely, a Mossberg 590 Shockwave, 12-gauge firearm, that had been shipped and transported in interstate and foreign commerce, and from which defendant OLADIMU knew the manufacturer's serial number had been removed, obliterated, and altered.

FORFEITURE ALLEGATION

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                      A TRUE BILL

                                      /s/
                                      Foreperson

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

DAVID T. RYAN
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section

ANNA P. BOYLAN
Assistant United States Attorney
Terrorism and Export Crimes Section